IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry, | ) C/A No.: 3:11-00057-JFA-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| United States Postal Service, | ) **RECOMMENDATION** |
| Defendant. | ) |

The plaintiff, Lawrence Terry, ("Plaintiff"), proceeding pro se, brings this action against the United States Postal Service ("Postal Service") based on the alleged negligence of one of its employees. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff alleges that he "missed the deadline to respond to a motion" in a lawsuit Plaintiff filed in this court in January of 2010,[1] because a Postal Service employee negligently mislabeled Plaintiff's post office box, thereby failing to deliver an order of this court in a timely manner. (Compl., ECF No. 1 at 1-2.) Plaintiff states that both the postal employee responsible for labeling the post office box, and the manager thereof, have "acknowledged the negligence." (Id. at 2.) Plaintiff further indicates that he used the post office box to mail "letters out for jobs and other ventures." (Id.) Thus, Plaintiff believes that he may have also missed letters from prospective employers as a result of the mislabeling. (Id.) Plaintiff, who seeks monetary damages, states that the "blatant negligence" of the postal employee has resulted in

---

[1] See Terry v. Allen University, Civil Action No. 3:10-90-JFA-PJG (D.S.C. 2010). This court may take judicial notice of its own files and records. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



"stress, pain and suffering." (Id.) Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to construe *pro se* complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil

actions").The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As an initial matter, plaintiff has previously brought a civil action in this District Court asserting identical allegations against the Postal Service. See Terry v. United States Postal Service, Civil Action (C/A) No. 3:10-2095-JFA-PJG (D.S.C. 2010). This court takes judicial notice of C/A No. 3:10-2095-JFA-PJG ("first Postal Service Case"). See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949). Plaintiff's first Postal Service case was dismissed without prejudice and without issuance and service of process on November 22, 2010. Plaintiff filed a Notice of Appeal on January 6, 2011. The appeal of the Order dismissing plaintiff's first Postal Service case is currently pending before the United States Court of Appeals for the Fourth Circuit. The issues involved in the Complaint *sub judice* were addressed in plaintiff's first Postal Service case. Therefore, this duplicate Complaint should be summarily dismissed in the interest of judicial economy and efficiency.

The instant Complaint is based in tort upon the premise that the United States Postal Service is responsible for the alleged negligence of its employee. Generally, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998). However, the Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States in certain situations where injuries are caused by the negligent acts of governmental employees while acting in the scope of their employment. See 28 U.S.C. §§ 1346, 2674. Under the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101 et seq., the FTCA applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c).

Although the FTCA, as made applicable to the Postal Service by the PRA, may waive sovereign immunity for certain tort claims arising out of the activities of the Postal Service, "it is axiomatic that waivers of sovereign immunity are not necessarily total." Global Mail Ltd., 142 F.3d at 211. For example, excluded from the FTCA's waiver of immunity are claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). As the Supreme Court explained in Dolan v. U.S. Postal Serv., 546 U.S. 481 (2006), the United States's sovereign immunity is not waived for claims based on the "failings in the postal obligation to deliver mail in a timely manner to the right address . . . ." Id. at 487. The present action is clearly based on Plaintiff's failure to receive mail. Therefore, Plaintiff's claims are barred by 28 U.S.C.

2680(b).[2]  In addition, as the United States is the only proper defendant in a suit brought under the FTCA, Miller v. United States, 710 F2d 656, 657, n.1 (10th Cir. 1983), the United States Postal Service is not a proper party to this action in any event.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 10, 2011
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

---

[2]  The instant Complaint, like plaintiff's first Postal Service case, states that plaintiff filed an administrative claim on March 31, 2010 and received a letter on August 10, 2010 indicating that, pursuant to 28 U.S.C. 2680(b), he could not maintain a claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.  (Compl., ECF No. 1 at 2.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).